## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF<br>  HOMELAND SECURITY,<br>Office of the General Counsel<br>245 Murray Lane, SW<br>Washington, DC  20528,<br><br>               Defendant. | )<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records

to the American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989).  Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.

4.      Defendant U.S. Department of Homeland Security ("DHS") is an agency of the United States Government and is headquartered at 245 Murry Lane, Washington, DC  20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On June 6, 2016, Plaintiff submitted a FOIA request to DHS (the "DHS Request"), by certified mail, seeking access to the following:

> **Any and all contracts and related materials between DHS and security firm G4S regarding, concerning or relating to the transport of illegal (or undocumented) immigrants from areas along the Mexican/U.S. border to locations in the interior of the United States, including but not limited to the transport of illegal immigrants from the Border Patrol's Tucson Sector to a Greyhound bus terminal in Phoenix, Arizona that occurred on June 2, 2016.**
>
> **The time frame for the requested records is January 1, 2014 to the present.**

6.      According to U.S. Postal Service Records, Defendant received Plaintiff's DHS Request on June 24, 2016.

7.      Defendant U.S. Department of Homeland Security was required to determine whether to comply with Plaintiff's request within 20 days after the receipt of the request, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant U.S. Department of Homeland Security also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.  Defendant, therefore, was

required to make its determination and provide Plaintiff with the requisite notifications by July 22, 2016.

8.      As of the date of this Complaint, Defendant has failed to: (i) acknowledge the receipt of the Plaintiff's DHS Request; (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (iii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iv) inform Plaintiff that it may appeal any adequately specific, adverse determination.

9.      Separately, and also on June 6, 2016, Plaintiff submitted a FOIA request to Immigration and Customs Enforcement ("ICE"), by certified mail (the "ICE Request"), seeking access to the following:

    **1.**    **Any and all records reflecting the number of illegal immigrants transported by security firm G4S on behalf of ICE.**

    **2.**    **Any and all records reflecting the number of vehicular "deliveries" of illegal immigrants made by security G4S between locations in the United States on behalf of ICE.**

    **3.**    **Any and all records reflecting the dates that security firm G4S transported illegal immigrants between locations in the United States.**

    **4.**    **Any and all logs provided by security firm G4S related to the transportation of illegal immigrants between locations in the United States.**

    **5.**    **Any and all records reflecting the pick-up and drop off locations of illegal immigrants transported by G4S in the United States on behalf of ICE.**

**The time frame for the requested records is January 1, 2014 to the present.**

10.      According to U.S. Postal Service Records, Defendant received Plaintiff's ICE Request on June 16, 2016.

11.     By letter delivered via email and dated June 23, 2016, Defendant acknowledged receipt of the ICE Request and assigned it Case Number 2016-ICFO-40137.  In this same letter, Defendant purported to deny Plaintiff a waiver of search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii).

12.     Defendant U.S. Department of Homeland Security was required to determine whether to comply with Plaintiff's ICE Request within 20 days after the receipt of the request, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.  Defendant, therefore, was required to make its determination and provide Plaintiff with the requisite notifications by July 14, 2016.

13.     As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; or (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's DHS Request and ICE Request or demonstrate that the requested records are lawfully exempt from production.

16.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

- 4 -

17.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the ICE Request and DHS Request on June 16, 2016 and June 24, 2016 respectively.  Accordingly, Defendant's determinations were due on or about July 14, 2016 and July 22, 2016.  At a minimum, Defendant was required to:  (i) gather and review the requested documents; and (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings.  *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

18.     Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 16, 2016

Respectfully submitted,

*s/ Chris Fedeli*
Chris Fedeli
D.C. Bar No. 472919
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*